UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARD P. MATTHEWS,

                Plaintiff,

-against-

COOPERATION OF THE CITY OF YONKERS;
COMMANDING OFFICER OF COURT
OFFICERS; UNKNOWN NUMBER OF JOHN
AND HANE DOE COURT OFFICERS;
RTANDALL RICHARDS, PUBLIC DEFENDER,
YONKERS CITY COURT,

                Defendants.

19-CV-4065 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging false arrest. By order dated August 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

**A.    Plaintiff's Complaint**

Plaintiff brings this action against the City of Yonkers; the Commanding Officer of the court officers of the Yonkers City Court; John and Jane Doe court officers from the Yonkers City Court; and Randal Richards, a court-appointed public defender who represented Plaintiff in the Yonkers City Court. Plaintiff's claims arise out of his arrest on December 28, 2011, and his transfer to the custody of the Bureau of Immigration and Customs Enforcement (ICE).

The following facts are taken from the complaint. On October 6, 2011, Plaintiff was arrested without a warrant at his home by members of the Yonkers Police Department, and was later arraigned in Yonkers City Court. After the arrest, Richards provided ineffective assistance of counsel by failing to investigate Plaintiff's claims and enabling the police and others to violate Plaintiff's rights. On December 22, 2011, Plaintiff accepted a plea deal and was sentenced to 75 days. Richards brought it to the trial-court judge's attention that Plaintiff had already served 78 days, and requested Plaintiff's immediate release from custody. But instead of being released, Plaintiff was arrested by unknown court officers employed by the Yonkers City Court and returned to the Westchester County Correctional Center (WCCC).

Plaintiff brings this action asserting that Defendants' "deliberate[ly] indifferent actions" led to his false arrest and imprisonment. (ECF No. 2 at 15.) He claims that the court officers violated his rights under the Fourth Amendment by arresting and detaining him beyond the time required to satisfy his sentence. Plaintiff seeks monetary damages.

2

**B.     Plaintiff's Litigation History**

**1.     2016 Complaint**

Plaintiff has previously filed two actions in this Court stemming from the same events. In 2016, while he was held in immigration detention, Plaintiff filed an action against ICE and Westchester County officials and unidentified WCCC correction officers, asserting claims of false arrest, unlawful detention, and abuse of process. *See Matthews v. Johnson*, ECF 1:16-CV-3109, 2 (S.D.N.Y. Feb. 16, 2017) (*Matthews I*). Plaintiff largely asserted the same facts as in this action, but he sought to hold Westchester County officials responsible for his allegedly unlawful detention after his sentence expired but before he was taken into ICE custody. Plaintiff also sued several ICE officials for his immediate release from immigration custody and damages related to the lodging of an immigration detainer warrant against him with WCCC officials, which led to his transfer to ICE custody.

On January 11, 2017, the Court dismissed Plaintiff's false arrest claims, finding that they were untimely filed. *See* ECF 1:16-CV-3109, 7, at 4-6. But the Court granted Plaintiff leave to replead those claims to allege facts showing why they were timely or that the applicable limitations period should be tolled.[1] *Id.* at 6. On February 16, 2017, after Plaintiff filed an amended complaint, the Court again dismissed Plaintiff's false arrest claims for failure to state a claim on which relief may be granted because they were untimely filed. *See* ECF 1:16-CV-3109, 11, at 3-4.

---

[1] In the same order, the Court also dismissed Plaintiff's abuse of process claims and transferred his claims relating to his detention at the Buffalo Federal Detention Facility Federal to the United States District Court for the Western District of New York. *See Matthews I*, ECF 1:16-CV-3109, 7. But Plaintiff later withdrew his claims that were transferred to that court. *See Matthews v. Johnson*, No. 17-CV-6032 (W.D.N.Y. Jan. 30, 2017).

### 2. 2017 Complaint

In 2017, Plaintiff filed a second action, again asserting false arrest claims based on the same set of facts, but only against Westchester County officials and unidentified WCCC correction officers. *See Matthews v. Astorino*, ECF 1:17-CV-2332, 2 (S.D.N.Y. May 17, 2017) (*Matthews II*). Because Plaintiff had asserted the same claims based on the same series of transaction in *Matthews I*, and they were adjudicated on the merits, the Court dismissed that action under the doctrine of claim preclusion. *See* ECF 1:17-CV-2332, 6.

## DISCUSSION

### A. Issue Preclusion

The doctrine of issue preclusion bars relitigation of an issue where (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005). Although issue preclusion is an affirmative defense that must ordinarily be raised in a party's answer or else is waived, a district court may raise the issue *sua sponte* in appropriate circumstances. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*per curiam*); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying *res judicata*: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." (internal quotation marks omitted)); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming decision of district court to take up question of issue preclusion *sua sponte*).

4

Plaintiff previously asserted the same false arrest claims in *Matthews I* and *Matthews II*, but now seeks to hold the City of Yonkers, unidentified court officers, and Randall Richards, his public defender, responsible for the alleged violations. But Plaintiff's claims are barred under the doctrine of issue preclusion.[2] In *Matthews I*, the Court determined that Plaintiff's false arrest claims based on his allegedly illegal detention were untimely, and therefore failed to state a claim on which relief may be granted. *See* ECF 1:16-CV-3109, 11, at 2-4. The Court again dismissed those same claims in *Matthews II* under the doctrine of claim preclusion. *See* ECF 1:17-CV-2332, 6, at 4-5. In this action, Plaintiff again seeks to raise the same false arrest claims that were decided in *Matthews I*. The only distinction is he now names different defendants. As Plaintiff had a full and fair opportunity to litigate these claims, he may not seek to relitigate the same issues in this action. Accordingly, the complaint is barred by the doctrine of issue preclusion.

**B.     Untimely Claims**

Even if Plaintiff's false arrest claims were not barred under the doctrine of issue preclusion, assuming he could raise such claims against Defendants, they are untimely for the reasons stated in *Matthews I*. As the Court explained in *Matthews I*, claims brought under § 1983 or *Bivens* are governed by the three-year statute of limitations period set forth in N.Y.C.P.L.R.

---

[2] Because it appears that Plaintiff is asserting his claims against new defendants who were not parties or privies to the parties in the earlier actions, his claims are not foreclosed under the doctrine of claim preclusion. Claim preclusion applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted).

§ 214(5). *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999) (citing *Owens*, 488 U.S. at 251). False arrest claims accrue when a plaintiff is detained pursuant to legal process, such as upon the execution of a warrant; if the plaintiff was arrested without a valid warrant, it is the date when the plaintiff is bound over by a judge or arraigned. *See Wallace v. Kato*, 549 U.S. 384, 388-90 (2007). Therefore, as the Court held in *Matthews I*, Plaintiff's claims arising out of his arrest on December 28, 2011, based on the immigration detainer warrant, expired on December 28, 2014. *See* ECF 1:16-CV-3109, 7, at 4-6; ECF 1:16-CV-3109, 11, at 2-4. Plaintiff's false arrest claims are untimely and must be dismissed for failure to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**C.      Warning to Plaintiff**

Based on the dismissal of Plaintiff's false arrest claims in *Matthews I* and *Matthews II*, the Court finds that Plaintiff was or should have been aware that his present claims based on the same events lacked merit when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further litigation of these claims or other nonmeritorious matters in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed because it is barred under the doctrine of issue preclusion, and in the alternative, fails to state a claim for relief, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies Plaintiff's motion for appointment of counsel (ECF No. 3) as moot. The Clerk of Court is directed to terminate all other pending matters.

Plaintiff is warned that further nonmeritorious litigation in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 20, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge